Daniel J. McAvoy, J.
Plaintiff, a recipient of public assistance from the Department of Public Welfare of the Town of Union, New York, has brought this action for an injunction to restrain the defendant from levying upon the wages or earnings of plaintiff under an assignment of wages agreement executed by plaintiff to defendant on December 15, 1960.
The action is based on section 137-a of the Social Welfare Law (added by L. 1962, ch. 333, eff. April 4, 1962). Insofar as material here, the section provides as follows: “ Exemption of *292 earnings of recipients from garnishment. All wages, salary * * * paid or payable by an employer to a person while he is in receipt of public assistance or care supplementary to his income pursuant to this chapter shall be exempt from levy and execution under the laws of this state but only so long as such supplementary assistance shall continue.”
The defendant argues that the section refers only to levy and execution and specifically to garnishment but makes no reference whatsoever to a wage assignment which is the type of levy here involved. However, section 46 of article 3-A of the Personal Property Law of this State, covering assignments of earnings, says; “ 8. 1 Garnishment ’ means any levy on execution, attachment, sequestration, proceedings supplementary to judgment or other legal process by which a creditor or other claimant to any portion of an employee’s earnings stops payment by an employer to an employee or obtains payment due the creditor.” (Italics supplied.)
Therefore, the term ‘1 garnishment ’ ’ as used in the statute (§ 137-a) is sufficiently broad in its intent and meaning to cover an assignment of wages. The relief by way of an injunction as demanded by the plaintiff on this motion must therefore be granted, and the same shall continue as long as the plaintiff is a recipient of public assistance.